Hodge, Underhill & Co.,
et al.
vs.                    } No.64665
Arthur M. Potter

RESCRIPT

May 17, 1927

TANNER, P. J. This is an action of trover brought to recover the value of fifty shares of stock which the defendant is alleged to have converted. The defendant had sold 100 shares of stock to the plaintiffs, including the right to subscribe to fifty extra shares of stock at $83 per share.

The defendant was in Europe when the right to subscribe for this extra stock accrued. The 100 shares of

stock sold by the defendant to the plaintiffs had not been transferred to their name. The company issuing the stock therefore sent the warrants for the extra rights to the defendant's office. His secretary, upon the advice of a broker, exercised the rights and subscribed for the stock and sold the stock at an advance. When the defendant returned from Europe, he declined either to convey the fifty shares of stock to the plaintiffs or to offer to them the profit which he had made, but by his letters ratified the action of his secretary and broker.

Under these circumstances, we think, from the authorities, that the defendant was clearly guilty of a conversion of the stock.

The most difficult question in the case is that of the rule of damages of.

The so-called New York rule, which has been adopted in a number of States, has also been adopted by the U. S. Supreme Court in the case of Gallagher vs. Jones, 129 U. S. 193:

"   .   .   .   Other goods wrongfully converted are generally supposed to have a fixed market value at which they can be replaced at any time; and hence, with regard to them, the ordinary measure of damages is their value at the time of conversion, or, in case of sale and purchase, at the time fixed for their delivery. But the application of this rule to stocks would, as before said, be very inadequate and unjust.

The rule of highest intermediate value as applied to stock transactions has been adopted in England and in several of the States in this country; whilst in some others it has not obtained. The form and extent of the rule have been the subject of much discussion and conflict of opinion.

It would be a herculean task to review all the various and conflicting opinions that have been delivered on this subject. On the whole is seems to us that the New York rule, as finally settled by the courts of appeals, has the most reasons in its favor and we adopt it as a correct view of the law."

The rule as fully stated is that the damages shall be the difference between what is paid for the stock and the highest intermediate value of the stock between the time when the conversion first became known and a reasonable time thereafter. The reasonable time in this case is claimed to be thirty days, which we think is a reasonable time. The stock in this case was bought for investment and not for speculation, and the plaintiffs bought stock to replace the fifty shares.

The highest price at which the stock sold within the thirty days after the conversion became known was $118.50, although the plaintiffs actually paid for the stock which they bought in replacement, $122⅞ per share. According to the rule of highest intermediate value, the difference between $83 per share, at which the rights were sold, and the $118.50 per share is $35.50 per share, totalling $1775, for which sum plus 6% interest from the date of the writ, we give decision.

For Plaintiff: Greenlaw, Tilley & Tetlow.

For Defendant: Charles C. Remington.